UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                    Case No. 8:9-cr-568-VMC-AEP

GEDDES WILLIS,

    Defendant.

_____/

## ORDER

    This matter is before the Court on consideration of the pro se Motion to Reduce Sentence filed by Geddes Willis on October 28, 2022. (Doc. # 216). The United States has responded. (Doc. # 221). For the reasons described below, the Motion is denied.

## I.   Background

    On January 6, 2021, Mr. Willis was sentenced in a separate case to ninety months of imprisonment for possession with intent to distribute and distribution of heroin. (Case No. 8:18-cr-572-SDM-AEP, Doc. 575). This Court revoked Mr. Willis's supervised release and sentenced him to sixty months of imprisonment, to run consecutively to the ninety-month term, on July 31, 2019, for conspiring to possess with intent

1

to distribute cocaine, heroin, fentanyl, and oxycodone. (Doc. # 201).

Now, Willis seeks a reduction of his revocation sentence pursuant to Section 404 of the First Step Act. (Doc. # 216).

## II.   **Legal Standard**

There are only narrow circumstances in which a district court can modify a sentence. "As a general rule, district courts 'may not modify a term of imprisonment once it has been imposed.'" United States v. Roberson, 746 F. App'x 883, 886 (11th Cir. 2018). A defendant serving a term of imprisonment as a result of a violation of supervised release is eligible for a reduction in his sentence under Section 404(b) of the First Step Act if he was serving a term of supervised release for a "covered offense." United States v. Gonzalez, 9 F.4th 1237 (11th Cir. 2021), judgment vacated on other grounds, 142 S. Ct. 2900 (2022). Section 404(a) of the First Step Act defines "covered offense" as a "violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010." First Step Act § 404(a).

"Nothing in [Section 404(b)] shall be construed to require a court to reduce any sentence pursuant to this section," First Step Act § 404(b), and "'[n]othing'" means

nothing," <u>United States v. Wyatt</u>, 798 F. App'x 595, 597 (11th Cir. 2020). In deciding whether to exercise its discretion, a district court may, but is not required to consider the statutory sentencing factors set forth in 18 U.S.C. § 3553(a). <u>United States v. Stevens</u>, 997 F.3d 1307, 1316 (11th Cir. 2021) (explaining that, to hold otherwise "would impermissibly hamper and cabin [the] wide discretion that Congress expressly afforded district courts").

### III. **Analysis**

The government agrees that Willis's offense qualifies as a covered offense. (Doc. # 221 at 5). However, it opposes any reduction to Willis's sentence due to Willis's persistent criminal conduct and because his sentence "adequately punishes his breach of this Court's trust." (<u>Id.</u> at 1). The Court agrees with the government.

Willis has a significant criminal history, including offenses involving aggravated battery, assault, escape from custody, various driving offenses, possession of cocaine, resisting an officer with violence, obstruction without violence, and fleeing and attempting to elude. (Doc. # 544, PSR ¶¶ 49-66). Several of these were violent offenses. Further, incarceration has failed to deter Willis's criminal behavior. Indeed, after his initial release from federal

prison, Willis quickly returned to drug trafficking, including cocaine, heroin, and fentanyl. (Doc. # 201). Finally, the Court's sixty-month revocation sentence "adequately sanctions [Willis's] breach of trust and persistent criminal behavior." (Doc. # 221 at 7).

Therefore, the Court declines to reduce Willis's sentence pursuant to Section 404 of the First Step Act.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Geddes Willis's Motion to Reduce Sentence (Doc. # 216) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 31st day of March, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE